UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CATHERINE B. ST. GERMAIN, ET AL.

VERSUS

DIXIE MOTORS, LLC, ET AL.

CIVIL ACTION

NO. 16-695-BAJ-EWD

## RULING AND ORDER ON UNOPPOSED MOTION TO COMPEL

Before the court is a Motion to Compel (the "Motion to Compel") filed by defendant, Forest River, Inc. ("Forest River").[1] By the Motion to Compel, Forest River seeks an order compelling plaintiffs, Dana J. St. Germain and Catherine B. St. Germain ("Plaintiffs") to respond to interrogatories and requests for production of documents propounded to Plaintiffs on January 5, 2017.[2] Forest River also seeks reasonable expenses, including attorney's fees, pursuant to Fed. R. Civ. P. 37. Any opposition to the Motion to Compel was required to be filed within 21 days after service of the Motion. LR 7(f). More than 21 days have passed since the filing of the Motion to Compel and Plaintiffs have not filed an opposition as of the date of this Ruling and Order. The Motion to Compel is therefore unopposed.

For the reasons that follow, the Motion to Compel is **GRANTED**[3] and Forest River's request for reasonable expenses and attorney's fees is **GRANTED**.

---

[1] R. Doc. 23.

[2] *See*, R. Doc. 23 & 23-2.

[3] Magistrate judges may "hear and determine" non-dispositive pre-trial motions pursuant to 28 U.S.C. § 636(b)(1)(A). "A motion to compel is a nondispositive, pretrial discovery motion." *State Farm Mut. Auto. Ins. Co. v. Friedman*, 2002 WL 649417, at *1 (N.D. Tex. Jan. 14, 2002) (citing *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995)). *See*, *Turner v. Hayden*, 2016 WL 6993864, at *1 (W.D. La. Nov. 29, 2016) ("The decision by Magistrate Hornsby to deny Turner's Motion to Compel Discovery is a non-dispositive matter."); *U.S. v. Toney*, 2012 WL 2952768, at *1 (W.D. La. July 19, 2012) ("The Court must apply a 'clearly erroneous' or 'contrary to law' standard of review to a magistrate judge's ruling on a nondispositive pre-trial motion, such as a motion to compel." (citations omitted)); *In re Tex. Bumper Exchange, Inc.*, 333 B.R. 135, 138 (Bankr. W.D. Tex. 2005) (holding bankruptcy court's order granting motion to compel discovery was an interlocutory order as the order concerned a nondispositive discovery issue and did not dispose of the merits of litigation).

1

## I. Background

This suit arises out of a motor vehicle accident that occurred on or about September 16, 2015.[4] Plaintiffs allege that while driving their pickup truck with attached trailer, the trailer became unstable and Mr. St. Germain lost control of his vehicle, crossed over the center line, and struck another vehicle.[5] Plaintiffs allege that the accident and their resulting injuries were caused by the fault of Forest River and/or Dixie Motors, LLC d/b/a Dixie RV Superstores ("Dixie Motors"), including but not limited to breach of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*[6] On October 18, 2016, Dixie Motors removed Plaintiffs' suit to this court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331.[7]

Forest River asserts that it propounded interrogatories and requests for production to Plaintiffs on January 5, 2017.[8] In a letter sent to Plaintiffs' counsel on February 13, 2017, Forest River noted that Plaintiffs' discovery responses were overdue and requested information regarding the status of the responses.[9] Forest River explains that on February 23, 2017, Plaintiffs' counsel's assistant requested a Word version of the discovery requests and noted she was working on responses.[10] A Word version of the requests was emailed by Forest River's counsel on March 1, 2017.[11] Forest River states that this February 23, 2017 and March 1, 2017 email correspondence

---

[4] R. Doc. 1-1, ¶ 2.

[5] R. Doc. 1-1, ¶ 3.

[6] R. Doc. 1-1, ¶ 10(viii).

[7] R. Doc. 1. Dixie Motors filed a First Amended and Supplemental Notice of Removal on October 20, 2016. R. Doc. 3. *See also*, R. Doc. 3, ¶ 3 ("Plaintiff has pled at paragraph 10(viii) of the petition claims arising under 15 U.S.C. 2301, et seq, the 'Magnuson-Moss Act.' The case as pled…arises under the laws of the United States. Therefore, this court has jurisdiction of this matter under 28 U.S.C. 1331 and 28 U.S.C. 1441(b).").

[8] *See*, R. Doc. 23-2.

[9] R. Doc. 23-3.

[10] R. Doc. 23-4.

[11] R. Doc. 23-5.

"remains the only mutual communication between the parties in regard to the outstanding discovery."[12] Thereafter, counsel for Forest River followed up regarding the outstanding discovery requests via email correspondence on March 14, 2017,[13] March 24, 2017,[14] and March 28, 2017.[15] Forest River explains that it was "prepared to file this Motion to Compel" on April 5, 2017, but its counsel was able to contact Plaintiffs' counsel's assistant "who stated that responses had been drafted and that [Plaintiffs' counsel] had yet to review the responses. Consequently, counsel for Forest River provided two additional days to Plaintiffs' counsel to respond. However, no responses to Forest River's requests were provided."[16]

Forest River filed the instant Motion to Compel on April 7, 2017.[17] Forest River asserts that as of the date it filed this Motion, it has not received responses to its discovery requests from Plaintiffs and that "counsel for Forest River twice attempted to schedule discovery conferences with Plaintiffs' counsel, to no avail."[18] Forest River therefore "seeks an order from the Court compelling Plaintiffs to respond fully and completely to Forest River's interrogatories and requests for production. In addition, pursuant to Rule 37(d)(1)(A)(ii) and (d)(3), Forest River seeks an order awarding it the costs and attorney's fees accrued as a result of having to draft and file this motion."[19]

---

[12] R. Doc. 23-1, p. 2.

[13] R. Doc. 23-6.

[14] R. Doc. 23-7.

[15] R. Doc. 23-8.

[16] R. Doc. 23-1, p. 3.

[17] R. Doc. 23.

[18] R. Doc. 23, p. 2. *See also*, R. Doc. 23, p. 1. ("Plaintiff has failed and/or refused to respond in any capacity to Forest River's interrogatories and requests for production."); R. Doc. 23-1, p. 4 ("Plaintiffs have provided no responses, whatsoever, to Forest River's discovery requests, which remain overdue.").

[19] R. Doc. 23-1. Forest River does not state the amount of costs and fees it contends would be reasonable.

## II.     Law and Analysis

Under the Federal Rules of Civil Procedure, parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).  Federal Rules of Civil Procedure 33 and 34 provide that a party upon whom interrogatories and requests for production of documents have been served shall serve a copy of the answers, and objections if any, to such discovery requests within thirty (30) days after the service of the requests.  Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A).  A shorter or longer time may be directed by court order or agreed to in writing by the parties.  *Id*.

"For a motion to compel, '[t]he moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence.'"  *Mirror Worlds Technologies, LLC v. Apple Inc*., 2016 WL 4265758, at *1 (E.D. Tex. Mar. 17, 2016) (quoting *SSL Servs., LLC v. Citrix Sys., Inc.*, 2010 WL 547478, at *2 (E.D. Tex. Feb. 10, 2010)).  "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad or unduly burdensome or oppressive, and thus should not be permitted."  *Mirror Worlds Technologies, LLC*, 2016 WL 4265758 at *1.  *See also, Wymore v. Nail*, 2016 WL 1452437, at *1 (W.D. La. April 13, 2016) ("Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to

substantiate its objections." (citing *McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990))); *Rivero v. Sunbeam Products, Inc.*, 2010 WL 11451127, at *4 (W.D. Tex. Jan. 12, 2010) ("Plaintiffs, who bear the burden of proof in support of their motion to compel . . . .").

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *See also*, *Nguyen v. Louisiana State Board of Cosmetology*, 2016 WL 67253, at * 3 (M.D. La. Jan. 5. 2016) ("Because the Court has granted Defendant's Motion to Compel and no exceptions apply, Defendant is entitled to an award of reasonable expenses, including attorney's fees."). Additionally, pursuant to Fed. R. Civ. P. 37(d)(1)(A)(ii), the court may, on motion, order sanctions if "a party, after being properly served with interrogatories under Rule 33…fails to serve its answers, objections, or written response."[20]

The court finds that Forest River has met its burden of proving that the Motion to Compel should be granted. Forest River's requests seek information regarding Plaintiffs' injuries allegedly sustained, the accident, the trailer at issue, and matters related to the witnesses to be called and documents to be used as exhibits at trial. The court finds the information sought is relevant to this action. Forest River submitted documentation showing that it propounded Interrogatories and Requests for Production on the Plaintiffs on January 5, 2017.[21] Forest River also submitted documentation showing that it reached out to Plaintiffs' counsel multiple times regarding the

---

[20] Fed. R. Civ. P. 37(d)(3) provides that these sanctions "may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

[21] R. Doc. 23-2.

outstanding discovery responses and asserts that Plaintiffs have not submitted any written responses or objections to Forest River's discovery requests. Moreover, Plaintiffs have not filed any objection to the instant Motion to Compel.

Because the court grants Forest River's Motion to Compel, the court further finds that an award of reasonable expenses is required under Fed. R. Civ. P. 37(a)(5)(A). Plaintiffs were given an opportunity to respond to Forest River's request for fees but failed to file an opposition. Nonetheless, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Nguyen v. Louisiana State Board of Cosmetology*, 2016 WL 67253, at * 3 (M.D. La. Jan. 5. 2016). As noted above, Forest River has not asserted a specific amount of expenses it contends would be reasonable, nor has it submitted evidence of the amount of expenses incurred. In such a circumstance, this court finds an award of $500.00 is reasonable. *See*, *Doucet v. Dormont Manufacturing Co.*, 2014 WL 2434472, at * 4 (M.D. La. May 29, 2014) ("Defendant did not claim a specific amount of expenses incurred in filing its motion. However, a review of the motion and memoranda supports the conclusion that an award of $450.00 is reasonable."); *Rivera v. Martin J. Donnelly Antique Tools*, 2015 WL 6872506, at * 3 (M.D. La. Nov. 9, 2015) ("Plaintiff has not demonstrated any circumstances which would make an award of expenses to the defendant unjust. Defendant did not submit anything to establish a specific amount of expenses incurred in filing this motion. A review of the motion papers supports finding that an award of $500.00 is reasonable.").

### III. Conclusion

In light of the failure of the Plaintiffs to timely respond to the discovery requests and there being no opposition to Forest River's Motion to Compel, the Motion to Compel[22] is **GRANTED**.

---

[22] R. Doc. 23.

Plaintiffs, Dana J. St. Germain and Catherine B. St. Germain, are **ORDERED** to provide written responses, without objections (with the exception of any objections pertaining to applicable privileges and/or immunities),[23] to the outstanding interrogatories and requests for production of documents within fourteen (14) days of the date of this Ruling and Order.

**IT IF FURTHER ORDERED** that Forest River's request for reasonable expenses and attorney's fees under Fed. R. Civ. P. 37 is **GRANTED**. Plaintiffs are **ORDERED** to pay Forest River $500.00 for the costs and attorney's fees it incurred in filing the Motion to Compel.

**Failure of Plaintiffs to comply with the terms of this Order may result in additional sanctions.**

Signed in Baton Rouge, Louisiana, on May 2, 2017.

                                          */s/ Erin Wilder-Doomes*
                                        **ERIN WILDER-DOOMES**
                                        **UNITED STATES MAGISTRATE JUDGE**

---

[23] *See*, *Baxter v. Anderson*, 2016 WL 4443178, at * 5 n. 4 (M.D. La. Aug. 19, 2016) (citing *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckla Servs., Inc.*, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege.")).