UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DANA J. ST. GERMAIN AND<br>CATHERINE B. ST. GERMAIN | CIVIL ACTION |
| VERSUS | |
| DIXIE MOTORS, LLC D/B/A DIXIE<br>MOTOR SUPERSTORES, ET AL. | NO.: 16-00695-BAJ-EWD |

## RULING AND ORDER

Before the Court is Defendant Forest River, Inc.'s Motion for Summary Judgment (Doc. 34). The motion is unopposed. Also before the Court is Defendant Dixie Motors, LLC's Motion Joining in and Adoption of Forest River, Inc.'s Motion for Summary Judgment. (Doc. 35). For the reasons stated below, the Court GRANTS Forest River Inc.'s Motion for Summary Judgment, and DENIES Summary Judgement as to Dixie Motors, LLC.

I. FACTUAL BACKGROUND

Dana J. St. Germain and Catherine B. St. Germain ("Mr. St. Germain and Mrs. St. Germain, respectively; collectively "Plaintiffs") filed a Petition for Damages on or about September 19, 2016 against Dixie Motors, LLC d/b/a Dixie RV Superstores, and Forest River, LLC ("Dixie" and "Forest River" respectively; collectively "Defendants") in the 19th Judicial District Court for East Baton Rouge Parish. (Doc. 1-1). In the Petition for Damages, Plaintiffs allege that on or about September 16, 2015, a motor

1

vehicle accident occurred between Mr. St. Germain and a vehicle owned by Master Vac Industries driven by Joseph A. Babin, III ("Babin"). (Id. at p. 2).

Mr. St. Germain alleged that he was towing a Forest River 2015 Coachmen Travel Trailer (the "trailer") at the time of the incident, when the trailer suddenly became unstable causing him to lose control of his vehicle, cross into the opposite travel lane and strike Babin's vehicle. (Id.). Both the trailer and the vehicle being used to tow the trailer were consumed by fire and destroyed. (Id.). Plaintiffs aver that the loss of stability was caused by tire depressurization associated with a defective trailer rim. (Id. at pp. 2-3). Plaintiff alleges that Defendants knew or should have known about the hazards associated with the trailer and failed to take precautionary measures to avert or eliminate the hazard. (Id. at p. 3). Plaintiffs also assert that Mr. St. Germain took all reasonable efforts to avoid the collision, however he was unable to do so due to the catastrophic failure of the tire cause by the defective rim, and therefore is not liable for the resulting injuries and damages. (Id.).

Mr. St. Germain also claims that he suffered numerous injuries and property damage as a result of the accident. (Id. at pp. 3-4). Mr. St. Germain certifies that at the time of the accident, Dixie was covered by a policy of general liability insurance issued by ABC Insurer, and Forest River was covered by a policy of general liability insurance issued by DEF Insurer. (Id. at p. 4). Plaintiffs also allege that Mrs. St. Germaine suffers from loss of consortium with Mr. St. Germain and has suffered emotionally having witnessed Mr. St. Germain's pain and suffering. (Id.).

This matter was removed to this Court in October 18, 2016. Forest River now moves for the entry of an Order granting summary judgment.

II. **ARGUMENTS**

**A. Forest River's Motion for Summary Judgment**

Forest River first argues that it cannot be held liable for any damages the rim's failure may have caused, as it did not manufacture the rim which Plaintiffs claim caused the accident. (Doc. 34-1 at pp. 10-11). Forest River claims that it is undisputed that it installed the factory rims, manufactured by LionsHead Specialty Tire and Wheel, L.L.C. ("LionsHead"), on the trailer at its factory in Indiana before releasing it to Dixie, from whom Plaintiffs purchased it.

Forest River alleges that on or about July 29, 2015, Plaintiffs brought the trailer to Dixie and complained that the front passenger-side rim was cracked, and that the tire would not hold air. (Id. at p. 3). On that same day, a repair invoice was issued by Dixie which stated: "Complaint: C/S Tire Lug Snapped of (sic) Axle and Rim is Cracked." (Id. at p. 3). Forest River alleges Dixie inspected the front-passenger side rim and found the crack. (Id. at p. 4). Forest River avers that no other invoices reflect any other complaints about cracks on any other of the rims. (Id.). Dixie removed the front passenger side rim and replaced it with a new one also manufactured by LionsHead. (Id. at p. 6). Forest River further claims that it is uncontroverted that Dixie purchased the tire and rim directly from LionsHead and that the aftermarket rim was on the vehicle at the time of the accident. (Id. at p. 11). Forest River claims that Dixie installed the new tire and rim onto the trailer, and that testing thereafter

3

confirmed that the tire held air and functioned properly. (Id. at p. 6). Mr. St. Germain was involved in the accident the same day that the repairs were made. (Id.). Therefore, Forest River alleges that it cannot be held liable as a manufacturer for any of Plaintiffs' injuries, as it had no role in the purchase and installation of the rim and tire that were on the trailer when the accident occurred.

Forest River also alleges that its expert, Robert Rucoba ("Rucoba") carefully examined the aftermarket rim and concluded that there was no evidence of a crack or air pressure leak. (Id. at p. 12). Forest River alleges that Mr. St. Germain pointed out specific areas of the rim that he believes caused the catastrophic failure of the tire, and that Rucoba was unable to find any cracks or leaks in the rim. (Id.). Forest River cites Rucoba's report wherein Rucoba states:

> The tire pressure was measured to be 41 psi . . . Mr. St. Germain applied a soap solution to the "cracked" area to demonstrate the air loss at the crack. . . over the duration of several minutes, I did not observe a crack or air loss in the wheel during Mr. St. Germain's demonstration. . .

(Id. at p. 13). Forest River alleges that Rucoba examined the photographs and other evidence from the scene of the accident and found that the accident was the result of driver error. (Id. at p. 14). Forest River claims that Rucoba's report established that the type of tire marks left at the scene of the accident are inconsistent with a sudden catastrophic deflation of a tire in the manner in which Mr. St. Germain described. (Id.).

Forest River also cites the report of Dallas Cowan, PhD. ("Dr. Cowan"), board-certified toxicologist. (Id. at p. 16). Plaintiff asserts that, having examined Mr. St. Germain's medical records after the accident from Our Lady of the Lake and the

4

Veteran's Administration, Dr. Cowan determined that Mr. St. Germain was significantly impaired at the time of the accident. (Id. at p. 17). Specifically, Dr. Cowan reported, having analyzed the aforementioned medical records, that Mr. St. Germain's blood alcohol level was between .135% and .245%[1] at the time of the accident, and that Mr. St. Germain was taking prescription medication that should never be mixed with alcohol. (Id.). Dr. Cowan also noted THC and benzodiazepine in Mr. St. Germain's urine. (Id.). Neither Dr. Cowan's nor Rucoba's reports have been challenged by Plaintiffs.

Forest River argues that Plaintiffs are not entitled to their claims of economic losses as a result of the accident under the theory of redhibition. (Id. at 18). Forest River claims Plaintiffs cannot establish a manufacturing defect in the trailer and/or the original rim installed by Forest River. (Id. at 19). Forest River also alleges that the undisputed evidence offered thus far establishes that the rim did not cause Mr. St. Germain to lose control of the vehicle. (Id.). As Plaintiffs cannot establish that a cracked rim or other defect caused the accident, Plaintiffs are not entitled to redhibition under Louisiana law. Finally, Forest River argues that Plaintiffs cannot establish an express warranty or a related violation of the federal Magnusson-Moss Warranty Act. (Id.). Forest River alleges that although these potential remedies were briefly mentioned by Plaintiffs in the Petition for Damages, Plaintiffs failed to provide any other evidence or facts to show that Forest River failed to comply with the Magnuson-Moss Warranty Act. (Id. at 19).

---

[1] The legal limit for blood alcohol content for the operation of a motor vehicle in Louisiana 0.08%. La. R.S. 14:98.

5

### B. Dixie's Joinder in Forest River's Motion for Summary Judgment

Dixie does not make any arguments on its own, and merely adopts the factual statements, law, arguments, and exhibits of Forest River, and requests summary judgement on these grounds.

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and footnote omitted). When the non-movant fails to file a memorandum in opposition to a motion for summary judgment, a court may accept as undisputed the facts that the movant submits in support of its motion. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). Even if the motion is unopposed, the Court may not grant a motion for summary judgment unless the moving party meets its burden. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995).

In sum, summary judgment is appropriate if, "after adequate time for discovery and upon motion, [the non-movant] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the non-movant fails to file a memorandum in opposition to a motion

6

for summary judgment, a court may grant the motion if the movant's "submittals ma[k]e a prima facie showing of its entitlement to judgment." *Eversley*, 843 F.2d at 174 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Anderson*, 477 U.S. 242; *Celotex*, 477 U.S. 317).

IV. ANALYSIS

### A. Forest River is Entitled to Summary Judgment

Plaintiffs do not specifically cite any particular theory of recovery for their personal injury claims against Forest River, other than submitting a list of legal theories with no discussion as to the merits of each, and the Court finds Plaintiff's Petition for Damages to be vague and confusing as to Forest River. Plaintiffs generally allege that both Defendants "knew or should have known" of certain dangers associated with the Coachmen trailer, but do not otherwise point to the specific aspects of the Coachmen trailer that Defendants should have known were dangerous, or cite any case law or statutory authority to guide the Court's analysis in making a determination concerning what Defendants knew or should have known. Further, although Plaintiffs allege that the destabilization was caused by sudden depressurization of the tire cause by a faulty rim, it is unclear if Plaintiffs are arguing that the original rim installed by Forest River was faulty, and that it caused lasting damage to the trailer prior to being replaced which caused the accident or if the new rim installed by Dixie was faulty and caused the accident. The Court can determine with some degree of certainty, however, that Plaintiffs' arguments sound in theories

available under La. Stat Ann. § 92800.53 (the "Louisiana Personal Liability Act" or "LPLA").

Concerning Forest River's status as a "manufacturer", pursuant to the LPLA:

(1) "Manufacturer" means a person or entity who is in the business of manufacturing a product for placement into trade or commerce. "Manufacturing a product" means producing, making, fabricating, constructing, designing, remanufacturing, reconditioning or refurbishing a product. "Manufacturer" also means:
    (a) A person or entity who labels a product as his own or who otherwise holds himself out to be the manufacturer of the product.
    (b) A seller of a product who exercises control over or influences a characteristic of the design, construction or quality of the product that causes damage.
    (c) A manufacturer of a product who incorporates into the product a component or part manufactured by another manufacturer.

Forest River is a manufacturer under La. Stat. Ann. § 9:2800.53(c). Forest River manufactures the Coachmen trailer. Forest River incorporates into the Coachmen trailer rims manufactured by LionsHead. Therefore, the Court rejects Forest River's argument that they are not considered "manufacturers" under the LPLA.

Even if Forest River is considered a manufacturer under the LPLA, it is not clear to the Court that Forest River shares any of the liability for he allegedly faulty rim. It is uncontroverted that prior to the accident, Plaintiffs took the trailer to Dixie and had one of the factory rims replaced with another one shipped straight from the manufacturer, LionsHead. At no point in time did Forest River take possession of the replacement rim, nor was it "incorporated into a product" by Forest River. Therefore, insofar as Plaintiff is alleging that the replacement rim itself caused the accident, there can be no liability for Forest River under the LPLA.

8

Certain language in Plaintiffs' Petition for Damages leads the Court to conclude, however, that Plaintiffs challenge the overall faulty construction of the Coachmen trailer, which was exacerbated by the cracked rim. Plaintiffs state:

> Dixie motors, LLC d/b/a Dixie RV Superstores . . . knew or at least should have known of the hazards associated with the Coachmen trailer and failed to take precautionary measures to avert or eliminate such dangers.
>
> Defendant Forest River, Inc. as the manufacturer of the Coachmen travel trailer, knew or at least should have known of the hazards and defects in the Coachmen travel trailer that led to loss of control and resulting damage.

(Doc. 1 at p. 3). However, Plaintiff provides no further arguments, evidence, case law, or other legal authority to support its position that Forest River failed some duty of care owed to Plaintiff regarding the Coachmen trailer. While allegations bereft of supporting evidence may have been sufficient to survive a motion to dismiss, the summary judgment standard requires ". . . a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Plaintiffs have provided no such proofs or responsive pleadings. The Court finds that Plaintiffs claims alleging negligence, failure to warn, breach of warranty, breach of the Magnuson-Moss Warranty Act, loss of consortium, and other matters are equally without the requisite documentary or testimonial evidence to create an issue of material fact as to Forest River.

### B. Dixie is Permitted to Join Forest River's Motion for Summary Judgement, but is not entitled to Summary Judgment.

Fed. R. Civ. P. 20 governs the permissive joinder of parties and provides, in relevant part:

> (2) *Defendants.* Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Plaintiffs allege that one or both Defendants are liable for damages caused by the cracked rim, as both knew or should have known about the dangers that the cracked rim presented to the trailer. Further, Plaintiffs allege that their damages occurred as the result of a series of events involving both Defendants. Therefore, the Court finds that Dixie is permitted to join Forest River's motion for Summary Judgement in this matter.

The Court does not, however, find that Dixie may prevail in the motion. As noted, the Court dismissed Forest River because Forest River did not manufacture the rim that was originally cracked, nor did it install the new rim that was in place at the time of the accident. Dixie, on the other hand, had far more involvement with the trailer prior to the accident. Dixie examined the rim, found it to be cracked, removed it, ordered and installed a new rim from LionsHead, and examined the tire and rim after the installation was complete. Given the nature and frequency of the interaction Dixie had with the Coachmen trailer prior to the accident, the Court finds

that genuine issues of material fact as to Dixie's potential liability for the accident remain. Dixie's Motion for Summary Judgment is denied.

## V. CONCLUSION

Accordingly, for the reasons cited herein:

**IT IS ORDERED** that Forest River's **Motion for Summary Judgment** (Doc. 34) is GRANTED.

**IT IS FURTHER ORDERED** that Forest River is dismissed from this action.

**IT IS FURTHER ORDERED** that Dixie's **Motion for Summary Judgment** (Doc. 35) is DENIED.

Baton Rouge, Louisiana, this 15th day of October, 2018.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA